CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
SEP 30 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID KWON, | ) |
| Plaintiff, | ) Case No. 7:10CV00435 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| LYDIA WILSON, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff David Kwon, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Kwon is apparently alleging that the medical staff at Marion Correctional Treatment Center (MCTC), is not providing him appropriate medication. Kwon also alleges that he wants to leave MCTC. Upon review of the record, the court finds that the complaint must be summarily dismissed.

## Background

Kwon's cover letter indicates that he is filing a complaint and a "settlement" because he is "suffering" and receiving "nolo contender medicines for nolo contender respects." He states that he knows malpractice is illegal and that he would be "satisfied to walk [himself] out of [MCTC}. The brief document entitled "complaint" states, verbatim:

> In the District Court I need grounds to practice a life line to deadly threats of a manufactor [sic] situation to cause bod[ily] harm. I David Kwon is suffering for from under the needle injections to positive I feel to be rec[ei]ving injections. I notice you never need injections until you old and senile. I been to old folk's home never in my life. [I] is a masterful art maker. I is a talker of god to unknown parties it is called nolo contender redo cases. I have a [Idea]. To call wit[ness] I fear for my life. To see me getting out of [MCTC]. I [need] a ruler to help me. Please call a face to face ruler sit down. I will call myself. This is a order judge judgment rule in my favor. I am a long time attorney at law is Attorney David Kwon pro se.

Another page Kwon submits, entitled "Settlement," states:

> I been trapped without any pen or legal materials. Can I borrow some money. About 10 million dollars. I seen your work. It came from somebody cause living

is so good. I need loving topic's to score a ransom of money before with the same writing expert's who taught me that money can make the world go round to be present for my hearing. I reconsidered that Lydia Wilson continue to work at the [MCTC] until I make the right amount of money to jeopardize the court for more malpractice's she done. I David Kwon a 43 year old male introduce to the court a numb fact who I am I will always be. But when I had trace's of morphine in my body predictment's were a factor. To see the noose the world is creating. I am a good man. I don't want to die.

## **Discussion**

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court must hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers" and must liberally construe the litigant's allegations and allow him to develop them further if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Liberally construing Kwon's pleadings, he appears to be making two claims: (1) Kwon is being improperly medicated; and (2) Kwon wants to leave MCTC. Because neither of these claims is cognizable under § 1983, the complaint must be dismissed.

A prison official's deliberate indifference to an inmate's serious medical or mental health needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976); Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). However, a patient's disagreement with a doctor's judgment as to the proper course of treatment alleges nothing more than medical malpractice, which does not state a constitutional claim and as such, is not actionable under § 1983. Estelle, 429 U.S. at 105-106.

At the most, Kwon's allegations suggest that he disagrees with the medication that doctors are providing him at MCTC.[1] His disagreement with the prescribed course of treatment is simply a claim of medical negligence or malpractice, which does not give rise to a constitutional claim and is not actionable under § 1983.[2] Id. Accordingly, the court concludes that Kwon's medical claim is legally frivolous and must be dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

To the extent that Kwon seeks to be released from MCTC, his action is challenging the fact of his confinement and is, therefore, properly considered as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Before he may pursue a federal court challenge to the fact of his confinement, however, an inmate must first exhaust available state court remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies by presenting his claims to the highest state court with jurisdiction to address them, the federal court must dismiss the petition without prejudice. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Slayton v. Smith, 404 U.S. 53 (1971).

Kwon's complaint offers no indication that he has presented any claim in state court, arguing that he is wrongfully confined at MCTC. As he thus fails to demonstrate that he has exhausted state court remedies, the court will dismiss this claim without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

---

[1] Because Kwon does not allege any facts concerning specific actions that Defendant Wilson, personally, has undertaken in violation of his rights, he fails to allege any § 1983 claim against her. West, supra.

[2] Section 1983 was intended to protect only federal rights guaranteed by federal law and not negligence claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's state law claims are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice.

ENTER: This 30th day of September, 2010.

/s/ *signature*
Chief United States District Judge